Form 240A - Reaffirmation Agreement (1/07)

> ☐ Presumption of Undue Hardship
> ☐ No Presumption of Undue Hardship
> (Check box as directed in Part D, Debtor's Statement in Support of Reaffirmation Agreement.)

## United States Bankruptcy Court
## Eastern District of Louisiana

In re Joycelyn M Raymond            Case No. 06-11188
       Debtor                        Chapter 7

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5).
☒ Part B: Reaffirmation Agreement.
☒ Part C: Certification by Debtor's Attorney.
☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement.
☐ Part E: Motion for Court Approval.

*[Note: Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement. Note also: If you complete Part E, you must prepare and file Form 240B - Order on Reaffirmation Agreement.]*

**Name of Creditor:** Wells Fargo Bank, N.A., Wells Fargo Auto Finance

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

### PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1. **DISCLOSURE STATEMENT**
*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

#### AMOUNT REAFFIRMED

The amount of debt you have agreed to reaffirm: $3,705.00

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

"**Certain provisions of this Agreement have been stricken by the creditor because they are not applicable to the transaction contemplated under the Agreement.

Form 240A - Reaffirmation Agreement (Cont.) P. 2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

~~a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth and Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.~~

~~(i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: ____%.~~

~~---And/Or---~~

~~(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: ____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

~~$____ @ ____%;~~
~~$____ @ ____%;~~
~~$____ @ ____%.~~

b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under § 128(a) (4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the affirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>16.74%</u>.

---*And/Or*---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor <u>8.00%</u>. ~~If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:~~

~~$____ @ ____%;~~
~~$____ @ ____%;~~
~~$____ @ ____%.~~

c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

Form 240A - Reaffirmation Agreement (Cont.)                                          P. 3

~~The interest rate on your loan may be a variable interest rate, which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.~~

d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

<u>Item or Type of Item</u>                <u>Original Purchase Price or Original Amount of Loan</u>
1999 CHEVROLET CAVALIER      $5,430.00
VIN: 3G1JC5244XS830405


*Optional*---*At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

~~Your first payment in the amount of $_____ is due on _____ (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.~~

—~~Or~~—

~~Your payment schedule will be: _____ (number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ (week, month, etc.), unless altered later by mutual agreement in writing.~~

—~~Or~~—

Your payment schedule will be: 27 payments in monthly installments of $155.00 commencing on 12/22/2007 and continuing on the same day of each succeeding month.

**Form 240A - Reaffirmation Agreement  (Cont.)**                                              P. 4

## 2. INSTRUCTIONS AND NOTICE TO DEBTOR

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement; your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. Your must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**Form 240A - Reaffirmation Agreement (Cont.)**                                                                          P. 5

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

Form 240A - Reaffirmation Agreement (Cont.)　　　　　　　　　　　　　　　P. 6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of the original credit agreement:

Contract Type: Installment Contract; Contract Date: 3/23/2005; Account No.: 000█████
Original Credit Term: 48
Original APR: 16.74%
Original Monthly Payment: $155.95
Original Amount Financed: $5,430.00

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

**This reaffirmation reduces the following effective 10/15/2007: the balance from $4,537.89 to $3,705.00, the interest rate from 16.74% to 8.00%, and the monthly payment from $155.95 to $155.00.**

SIGNATURE(S):

Borrower:

X Joycelyn Raymond
(Print Name)

Joycelyn Raymond
(Signature)

Date: 11-15-07

Co-Borrower, if also reaffirming these debts:

X Joycelyn Raymond
(Print Name)

Joycelyn Raymond
(Signature)

Date: 11-15-07

Accepted by Creditor:

Wells Fargo Financial Louisiana, Inc.
(Printed Name of Creditor)

13675 Technology Drive, Bldg. C, 2nd Floor
Eden Prairie, MN 55344-2252
(Address of Creditor)

(Signature)
DARIN WYANT, Collections Specialist
(Printed Name and Title of Individual signing for Creditor)

Date of Creditor Acceptance:
11/20/07

Form 240A - Reaffirmation Agreement (Cont.)                                     P. 7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[Check each applicable box.]*

[X] I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

[ ] *[If applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: ___Fatima Skrmih___

Signature of Debtor's Attorney: ___[signature]___

Date: ___11/15/07___

**Form 240A - Reaffirmation Agreement (Cont.)**                                              P. 8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete numbered paragraphs 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read the unnumbered paragraph below. Sign the appropriate signature line(s) and date your signature. If you complete paragraphs 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $1485.94 and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $224.94, leaving $1261.00 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

_____

(**Use an additional page if needed for a full explanation.**)

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *Joycelyn Raymond*
        (Debtor)

_____
(Joint Debtor, if any)

Date: 11-15-07

— Or —

[If the creditor is a Credit Union and the debtor is represented by an attorney]

I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.
Signed: _____
(Debtor)

_____
(Joint Debtor, if any)
Date: _____

# NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("**Agreement**" or "**Loan Agreement**"), the words "**you**" and "**your**" mean each Borrower who signs this Agreement; the words "**we,**" "**us,**" and "**our**" mean the Lender and its successors and assigns; and the word "**Owner**" means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW
Wells Fargo Financial Acceptance Louisiana, Inc.
2330 Lapalco Blvd, Ste 7

**ORIGINAL**

Harvey    LA    70058
Date of Loan  03/23/2005                        Account Number ████017

Borrower (Name and Address)
JOYCELYN M
RAYMOND
1924 PAILET AVE
HARVEY    LA    70058

## FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 16.74 % | $ 2055.60 | $ 5430.00 | $ 7485.60 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning | Final Payment Due: |
|---|---|---|---|
| 48 | $ 155.95 | 04/22/2005 and on the same day each month thereafter. | 03/22/2009 |

**Late Charge:** If any part of a payment is more than 10 days late, you will be charged a late charge equal to the greater of $10 or 5% of the portion of the payment that is late.
**Prepayment:** If you pay off this loan early, you will: (a) not have to pay a prepayment penalty, and (b) not be entitled to a refund of part of the prepaid finance charge.
**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement.
**Other Property:** _____
**Additional Information:** You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| | |
|---|---|
| $ 0.00 | Prepaid Finance Charge |
| $ 5430.00 | Amount Financed (Sum of amounts shown below) |
| $ 0.00 | Amount Paid on Your Accounts |
| $ 0.00 | NA |
| $ 0.00 | NA |
| $ 2183.50 | Amount Paid to You Directly |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| | |
|---|---|
| $ 41.50 | To Public Officials for Recording Fees |
| $ 1713.00 | To SEARS |
| $ 61.00 | To DILLARDS |
| $ 1133.00 | To PROVIDIAN |
| $ 298.00 | To CAPITOL ONE BANK |

[ ] When this box is checked, itemization is continued on attached addendum.
*We may be retaining a portion of this amount

### Other Transaction Information:

| | |
|---|---|
| $ 5430.00 | Principal Amount of Loan (the Amount Financed plus any Prepaid Finance Charge) |
| 16.74 % | Rate of Interest Per Year |
| $ 0.00 | Prepaid Finance Charge (also called Documentation Fee) |
| $ 0.00 | Prepaid Finance Charge (also called Convenience Fee) |

Closed By: _____

Disclosure Concerning Motor Vehicle Described on Page Two:
Cash Sale Price         $ 0.00
Cash Down Payment       $ _____
Trade-In:               $ _____
Total Down Payment (deduct)  $ _____
Portion of loan proceeds used to purchase Motor Vehicle  $ 0.00

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.
LIABILITY INSURANCE COVERAGE FOR BODILY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT.**

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

THUS DONE AND SIGNED in duplicate-original in the Parish of JEFFERSON and State of Louisiana on 03/23/2005.

Wells Fargo Financial Acceptance Louisiana, Inc.
By: _____ Agent

SIGN HERE
SIGN HERE
SIGN HERE
SIGN HERE

Page 1 of 4                              LA-3851-0205 (AUT)

# CERTIFICATE OF TITLE

## STATE OF LOUISIANA
### DEPARTMENT OF PUBLIC SAFETY -- OFFICE OF MOTOR VEHICLES

| VIN | TITLE NUMBER | DATE ISSUED | | |
|---|---|---|---|---|
| 3G1JC5244XS830405 | K2930668 | 04/08/2005 | | |
| MAKE | MODEL | BODY | COLOR | YR | DATE ACQUIRED | ODOMETER | N/U |
| CHEV | CAV | 4D | BLU/ | 1999 | 07/18/2002 | 39669 | U |

1L

* * MAIL TO * *

WELLS FARGO FINANCIAL ACCEPT

P O BOX 250
ESSINGTON       PA       19029

* * OWNER * *
JOYCELYN M RAYMOND

1924 PAILET ST
HARVEY          LA       70058

(LIEN)                    DATE

                          03/29/2005
WELLS FARGO FINANCIAL ACCEPT
P O BOX 250
ESSINGTON       PA       19029

First Lien Released _____ Date
_____
Lienholder
By _____
Authorized Representative

Second Lien Released _____ Date
_____
Lienholder
By _____
Authorized Representative

The undersigned as Vehicle Commissioner of the State of Louisiana, certifies that the applicant named herein has been duly registered in this office as owner of the motor vehicle described, pursuant to the laws of the State of Louisiana, subject to the mortgages and encumbrances, if any, herein set forth.

In witness whereof, I have affixed my signature at Baton Rouge.

*Kay Hodges*

FORM     4363          G    995       26148759
DPSMV 1863 (R6/04)

**ANY ALTERATION OR ERASURE VOIDS THIS TITLE.**

KEEP IN SAFE PLACE